## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2015, 8:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald J. Berger
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jorge Navarro,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 31, 2015

Court of Appeals Case No.
71A03-1506-CR-587

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley

Trial Court Cause No.
71D08-1409-F6-184

**Vaidik, Chief Judge.**

# Case Summary

Jorge Navarro refused to exit his car and fled from three police officers who pursued him with activated lights and sirens at speeds of ninety miles per hour. At his trial for resisting law enforcement, Navarro testified that he knew police officers were pursuing him. He now argues that there is insufficient evidence that he knew he was fleeing from a police officer. However, the evidence presented at trial, including Navarro's testimony, is sufficient to support his conviction.

# Facts and Procedural History

At approximately 3:00 a.m. on September 20, 2014, South Bend Police Department Officer (SBPD) Joseph Carey, who was wearing his police uniform and driving a marked police car, was dispatched to investigate the report of a loud noise. Officer Carey noticed a silver car speeding through a residential neighborhood. The officer then noticed that the car had stopped in the middle of the street and was backing up toward the officer's car. When the silver car stopped, Officer Carey noticed that its front end was damaged and smoke was coming out of the engine or the front tire. Officer Carey asked the driver, Navarro, if he was okay. Navarro asked the officer if he wanted to race.

Officer Carey turned on his car's overhead lights and dashboard camera and approached Navarro's car. As he and Navarro were talking, Navarro reached around the center console area. Concerned for his safety, Officer Carey radioed

for back-up assistance. The officer also asked Navarro, who appeared intoxicated, to exit his car. Navarro began revving his engine and refused to comply with the Officer Carey's request. SBPD Officer Devon Johnson arrived at the scene, activated the lights on his police car, and also ordered Navarro to exit his car. SBPD Officer Anuar Velazquez arrived at the scene shortly thereafter, and the three officers attempted to remove Navarro from the car. When they were unsuccessful, Officer Carey deployed his Taser. Navarro put his car in gear and fled with the three officers in pursuit with activated lights and sirens. SBPD Officer Greg Howard eventually joined in the pursuit, which reached speeds of ninety miles per hour.

[4] As his tires began to smoke, Navarro struck a curb, exited his vehicle, and threw himself on the ground. He was arrested and charged with resisting law enforcement with a vehicle. At trial, Navarro testified that he knew the officers were pursuing him because of the lights and sirens behind him. He also admitted that "driving away from the police was a really bad choice." Tr. p. 94. A jury convicted Navarro as charged, and he appeals his conviction.

## Discussion and Decision

[5] Navarro's sole argument is that there is insufficient evidence to support his conviction. On a challenge to the sufficiency of the evidence, we do not reweigh the evidence or reassess the credibility of witnesses. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences to be drawn therefrom. *Id.* If there is probative evidence from which

a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, we will affirm. *Id.*

[6] In order to convict Navarro of resisting law enforcement with a car, the State had to prove that he knowingly or intentionally fled from a law enforcement officer after the officer identified himself by visible or audible means, including operation of the officer's siren or emergency lights, and ordered Navarro to stop. *See* Ind. Code § 35-44.1-3-1(a). The offense is a Level 6 felony if the person, while committing the offense, operates a vehicle in a manner that creates a substantial risk of bodily injury to another person. I.C. § 34-44.1-3-1(b). To be convicted for resisting law enforcement, the evidence must show that the defendant knew or had reason to know that the person he resisted was a police officer. *Mason v. State*, 944 N.E.2d 68, 71 (Ind. Ct. App. 2011), *trans. denied*.

[7] Here, Navarro's sole contention is that there is insufficient evidence that Navarro "kn[e]w that it was a police officer who ordered him to stop." Appellant's Br. p. 5. However, our review of the evidence reveals that Officer Carey, the first officer to approach Navarro's car, was wearing a uniform and driving a marked police car. During his initial conversation with Navarro, the officer activated his emergency lights. Two other officers arrived at the scene in marked cars with activated emergency lights before Navarro fled. In addition, Navarro admitted at trial that he knew police officers were pursuing him because of the lights and sirens behind him as well as the conflict he had with the officers before he fled. This is sufficient evidence to prove that Navarro

knew that it was a police officer who ordered him to stop and to support his conviction of resisting law enforcement.

[8] Affirmed.

Bailey, J., and Crone, J., concur.